NOELIA MELÉNDEZ SANTANA, lesionada, FONDO DEL SEGURO DEL ESTADO, asegurador-recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada; INTERNATIONAL B. F. GOODRICH CORP., patrono.

*Número:* O-79-479      *Resuelto:* 27 de febrero de 1980

*Francisco Falú Lebrón, Antonio Acevedo Torres* y *Jorge Márquez Gómez,* abogados del Fondo del Seguro del Estado; *M. C. Arroyo Villamil,* abogada de la lesionada.

PER CURIAM:    La obrera Noelia Meléndez Santana sufrió un accidente del trabajo en octubre de 1975. El Fondo del Seguro del Estado le ofreció tratamiento médico y la dio de alta algunos meses más tarde, en 1976, alegadamente curada y sin incapacidad. La lesionada solicitó recidiva sin éxito en 1977. Apeló a la Comisión Industrial y ésta devolvió el caso al

Fondo para reevaluación. El Fondo dio nuevamente de alta a la lesionada en noviembre de 1978. La obrera solicitó en apelación ante la Comisión Industrial una vista médica.

La vista médica fue señalada para celebrarse el 12 de marzo de 1979. La vista se suspendió por incomparecencia de la lesionada. Esta compareció en vez el próximo día, fecha en que la Comisión resolvió celebrar la vista, sin notificación al Fondo. En vista al informe de su ortopeda, la Comisión decidió asignar a la obrera una incapacidad de 5% de sus funciones fisiológicas generales.

El Fondo ha acudido en alzada ante nos para sostener que la Comisión Industrial carece de poder para celebrar vistas médicas *ex parte*. En contestación a nuestra orden de mostrar causa por la cual no deben revocarse las resoluciones recurridas, la lesionada señala que en la vista médica celebrada el 13 de marzo de 1979 estuvo presente un médico del Fondo, quien firmó el informe de la vista. No se mencionaron estos últimos hechos, debidamente documentados, en la solicitud de revisión presentada por el Fondo.

El Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 11, dispone:

"... una vez radicada una apelación por un obrero lesionado, en que esté envuelta una cuestión médica, éste será examinado en una vista médica por médicos del Fondo del Seguro del Estado y de la Comisión Industrial conjuntamente, y por el médico que el obrero tuviere a bien traer y de la resolución que dictare la Comisión Industrial a base del informe médico que se rinda como resultado del examen practicado ... el obrero podrá solicitar la celebración de una vista pública. ..."

Cuando existe falta de notificación para la vista médica, la parte afectada puede impugnar su celebración, pero este derecho es renunciable. En el caso de autos, el Fondo recurrente no nos ha puesto en condiciones de determinar que no hubo tal renuncia, bien fuese debido a que el facultativo que asistió a la vista del 13 de marzo no era el mismo

preparado para atender la vista señalada para el día anterior o a que mediaban otras razones que negaban tal renuncia. Tampoco se explica la firma del médico del Fondo al informe de vista médica en que se recomienda una incapacidad del 5% de las funciones fisiológicas generales.

■ En estas circunstancias consideramos improcedente ordenar una nueva vista médica. Deseamos señalar, no obstante, que de acuerdo con nuestra decisión en *F.S.E.* v. *Comisión Industrial*, 105 D.P.R. 261, 263–65 (1976), el obrero no es el único que puede solicitar una vista plenaria después de la vista médica. El Fondo del Seguro del Estado puede hacer igual solicitud.

*Se expide el auto y se confirman las resoluciones recurridas, sin perjuicio del derecho del Fondo del Seguro del Estado a solicitar la vista plenaria a que alude el Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo.*